IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

BARBARA SOPKIN,                       )
                                      )
          Plaintiff,                  )
                                      )
v.                                    )    Civil Case No. 1:16-cv-01146
                                      )
JILL C. MENDELSON, *ET AL.*           )
                                      )
          Defendants.                 )

### MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendants' motions for sanctions pursuant to Federal Rule of Civil Procedure 11.

This case involves a decades long dispute over the management and distribution of Interlase Limited Partnership's ("Interlase") assets during its receivership and bankruptcy proceedings. In 2016, Plaintiff Barbara Sopkin raised multiple state law claims and one federal claim against Defendants in relation to their handling of those assets, which were dismissed by this Court under Rule 12(b)(6).

Prior to having their motions to dismiss granted, on March 20, 2017, Defendants Jill C. Mendelson, Executor of the Estate of Richard S. Mendelson, Deceased, Richard Mendelson Trust, Land Carroll Blair, P.C. (collectively, the "Mendelson Defendants"), and Ann Kathan ("Defendant Kathan"), all collectively "Defendants", moved for sanctions against Plaintiff Barbara

1

Sopkin.[1] On April 6, 2017, Plaintiff filed an opposition to which Defendants replied on April, 12, 2017. This Court held a hearing on May 26, 2017, and entered a preliminary order granting attorneys' fees to Defendants on June 2, 2017. On June 16, 2017, the Mendelson Defendants and Defendant Kathan filed statements of costs and fees amounting to $58.828.42 and $4,026.00 respectively. Plaintiff objected to these attorneys' fees statements on June 26, 2017, after which this Court stayed further Rule 11 proceedings pending Plaintiff's appeal of the case dismissal to the United States Court of Appeals for the Fourth Circuit. After the dismissal was affirmed on appeal, the stay was lifted on August 26, 2022, and Defendants submitted that they would not supplement their previous filings on fee statements or request a hearing on the matter.

Under Rule 11, a court may impose sanctions upon a party for filing a pleading or motion that (1) is presented for an improper purpose, (2) is not warranted by existing law or is a frivolous argument for extending, modifying, or reversing existing law or establishing new law, (3) lacks existing or likely prospective evidentiary support, or (4) contains denials not warranted by the evidence, belief, or lack of information. See Fed. R. Civ. Proc. 11(b). The main purpose of Rule 11 is to deter baseless filings in

---

[1] Defendants also originally filed for sanctions against Plaintiff's attorney, John S. Lopatto, III, but have since withdrawn those motions.

district courts, and to "streamline the administration and procedure of the federal courts." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990).

In their motions for sanctions, Defendants argued that Plaintiff's complaint and amended complaint violated 11(b)(1)—(3). Plaintiff argues that 11(b)(2), which focuses on the purely legal deficiencies in a complaint, cannot apply here because she was a represented party at the time of filing. Setting aside 11(b)(2), the Court finds that Plaintiff's own conduct sufficiently violated 11(b)(1) and (3) to warrant sanctions.

Courts apply an objective standard of reasonableness to determine whether a Rule 11 violation has occurred. Stevens v. Laws. Mut. Liab. Ins. Co. of N. Carolina, 789 F.2d 1056, 1060 (4th Cir. 1986). The Rule 11 inquiry centers on whether a reasonable plaintiff in similar circumstances could believe her actions to be factually and legally justified. Cabell v. Petty, 810 F.2d 463, 466 (4th Cir. 1987). Before deciding whether there is an improper purpose behind a pleading, a court should first consider the pleading's legal and factual foundation. In re Kunstler, 914 F.2d 505, 518 (4th Cir. 1990).

Plaintiff's amended complaint, which she verified and signed, is baseless on all counts in terms of evidentiary support. Her causes of action for violations of the Virginia Business Conspiracy Act against Defendants (Count 1), legal malpractice against

3

Defendant Kathan (Count 2), breach of fiduciary duty against the Mendelson Defendants (Count 3), wrongful interference with contract against Defendants (Count 5), and violations of 42 U.S.C. § 1983 against Defendants (Count 6) have no factual basis.

As the Court explained when dismissing the case under 12(b)(6), the conspiracy claim was factually deficient because Plaintiff failed to allege that Defendants engaged in any unlawful act or purpose. Plaintiff frivolously argued that Defendants' joint filings in the Interlase matter, such as reports and fee statements in the Arlington receivership case in state court and in the bankruptcy proceedings in Bankruptcy Court, were evidence of a suspiciously close collaboration. The records in those proceedings demonstrate those filings were mandated, adopted, and approved by those courts, and Plaintiff alleged no facts showing that the Defendants acted with any unlawful purpose when complying with court orders.

The legal malpractice claim against Defendant Kathan was baseless as Plaintiff failed to allege any facts suggesting she or Interlase had an attorney-client relationship with Defendant Kathan. Plaintiff identified no evidence of a representation agreement between her and Defendant Kathan.

The breach of fiduciary duty claim against the Mendelson Defendants was deficient on several grounds. As relevant for 11(b)(3), Plaintiff misrepresented when she had discovered her

4

claims against the Mendelson Defendants in order to satisfy her erroneously proposed discovery rule for the statute of limitations analysis. She claimed she only discovered her claims against the Mendelson Defendants in July 2015. However, her representations during Interlase's earlier bankruptcy proceedings showed she was fully aware of her claims against the Mendelson Defendants as early as July 2008, when she filed a motion to the Bankruptcy Court complaining that Richard Mendelson was not properly managing Interlase's assets. Likewise, her § 1983 claim against Defendants was deficient for the same reason.

Plaintiff failed to allege critical facts supporting her claim against Defendants for wrongful interference of contract. She did not identify any contract that the Defendants interfered with. Instead, the basis of her claim seemed to revolve around the theory that Defendants, on behalf of Interlase, were not adequately collecting royalties from its existing contract patent licensees, and had entered into unfavorable settlement agreements with them. In other words, the basis for her claim was that Defendants were not interfering enough with Interlase's current contracts.

No reasonable plaintiff would believe the claims above were factually justified. Therefore, the Court finds that Plaintiff's conduct squarely violated 11(b)(3)'s requirement that the factual contentions in a party's pleadings have or will likely have evidentiary support.

The Court also finds that Plaintiff's conduct indicates she filed this action with an improper purpose in violation of 11(b)(1). The Court infers the existence of an improper purpose partly because of the baselessness of all her claims. See In re Kunstler, 914 F.2d at 519. In addition to failing to state any viable cause of actions against Defendants, Plaintiff filed this suit despite a state court injunction preventing her from asserting any interest in Interlase, and even after she expressly withdrew a claim of interest in Interlase with prejudice during previous bankruptcy proceedings. Her omission of these material facts from her prior filings on the same matter suggests the purpose of this new filing was to harass Defendants instead of an honest attempt at litigating these issues. See id. (finding that "[r]epeated filings" and "the outrageous nature of the claims made" are circumstantial evidence of an improper purpose).

On account of these violations of 11(b), this Court finds that sanctions are warranted. Once a court determines that sanctions are warranted, it must then determine the type of sanction, keeping in mind the goals of Rule 11: compensating the victims, streamlining court dockets, and, most importantly, deterring future abuse of the litigation process. See Brubaker v. City of Richmond, 943 F.2d 1363, 1373—74 (4th Cir. 1991). A court will award fees and costs directly to the party seeking sanctions if it determines that the Rule 11 violations made "the complaint

to the court a substantial failure under Rule 11(b)." Morris v. Wachovia Sec., 448 F.3d 268, 278 (4th Cir. 2006). The court must consider the following factors in calculating sanctions: (1) the reasonableness of the opposing party's attorney's fees; (2) the minimum amount to deter; (3) the sanctioned party's ability to pay; and (4) the severity of the Rule 11 violation. See Brubaker, 943 F.2d at 1374.

Considering these factors, the Court finds that Defendants are entitled to the amount of legal fees and costs they sustained during this case. Counsel for both the Mendelson Defendants and Defendant Kathan, Robert E. Draim, has submitted affidavits as to the attorneys' fees and costs incurred by both parties in responding to Plaintiff's complaint, amended complaint, and related filings up until this Court's original stay of Rule 11 proceedings. The Court has reviewed the claimed total costs and fees for the Mendelson Defendants and Defendant Kathan, including the hours expended and the hourly rates used in this litigation, and finds them reasonable. The total costs and fees incurred by the Mendelson Defendants and Defendant Kathan must be taken into account because Plaintiff's Rule 11 violations infected all the counts she raised against them, as outlined earlier. Furthermore, the Court finds that an award of attorney's fees and costs is a necessary deterrent to Plaintiff and others similarly situated from pursuing frivolous litigation, especially where an improper

purpose may be inferred. As to Plaintiff's ability to pay, there is no evidence that Plaintiff lacks the financial resources to pay this sanction. She claims to be an extremely frugal retiree without any real property or assets, however, she has not provided any supporting financial information or documentation. Moreover, Plaintiff's claims belie the fact she has launched expensive litigation for over five years in both state and federal courts. Finally, the severity of Plaintiff's conduct, as demonstrated by her multiple violations of Rule 11(b), warrants a monetary penalty.

Given these facts and circumstances, the Court will grant Defendants' motions for sanctions and will order Plaintiff to pay Defendants the requested fees and expenses in accordance with the affidavits filed: $58.828.42 to the Mendelson Defendants and $4,026.00 to Defendant Kathan. For these reasons, it is hereby

ORDERED that the Mendelson Defendants' Motion for Sanctions and Defendant Kathan's Motion for Sanctions are GRANTED. An accompanying order shall issue.

CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
September __/__, 2022

8